UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-140 |
| | ) | (VARLAN/GUYTON) |
| PAUL JAMES LOVE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the undersigned for a competency hearing on June 27, 2007. Assistant United States Attorney Tracy Stone was present representing the government. Federal Defender Paula Voss appeared on behalf of Defendant Love, who was also present. Defendant had been committed to a federal medical facility for evaluation and testing per Court Order [Docs. 16, 17]. The parties stipulated admission in open court of the recent forensic evaluation, cover letter, and addendum to the report from the Metropolitan Correctional Center, Chicago, Illinois, dated June 15, 2007, in so far as it relates to competency. [Sealed Doc. 20]. Neither the government nor the defendant sought to offer any other evidence for the Court to consider on the issues of competency and insanity and both parties relied on the June 15, 2007 report.

1

Pursuant to 18 United States Code Section 4241, it therefore appears from the report, and I so find by a preponderance of the evidence, that Mr. Love is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. It also appears from the report, but no finding is made by the undersigned, pursuant to 18 United States Code Section 4242, that Mr. Love was not insane at the time of the offense charged and that he was able to appreciate the nature and quality or the wrongfulness of his actions at the time of the offense. Thus, the Court finds that the defendant is competent to proceed.

The Court notes that all the time from the Government's Motion for Psychiatric Exam [Doc. 14], filed on January 22, 2007, and Defendant's Motion [Doc. 12], filed on January 10, 2007, through the Court's competency hearing date of June 27, 2007, has previously been found to be fully excludable under the Speedy Trial Act.[1] [Doc. 16]. The Court further notes that all time during which the defendant was undergoing a mental evaluation pursuant to Court Order [Doc. 16] is likewise excludable, pursuant to 18 United States Code Section 3161(h)(1)(A), as is all delay resulting from the transportation of the defendant to and from places of examination or hospitalization, per 18 United States Code Section 3161(h)(1)(H). Accordingly, all time from January 11, 2007, the date of Defendant's Motion, to August 28, 2007, the current trial date, is excludable under the Speedy Trial Act.

---

[1] The time for commitment for mental examination and evaluation was extended on May 15, 2007 to June 12, 2007 pursuant to a request of the Warden of the Metropolitan Correctional Center. [Doc. 17]. A further continuation was necessitated by transportation difficulties. [Doc. 19]. This time is also excludable for Speedy Trial Act purposes pursuant to 18 United States Code Section 3161 (h)(1)(A).

Accordingly, it is **ORDERED**:

(1) The defendant is **FOUND** competent to stand trial;

(2) All time between **January 24, 2007,** and **August 28, 2007**, is fully excludable time under the Speedy Trial Act for the reasons stated herein;

(3) The trial of this matter remains set for **August 28, 2007, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge; and

(4) The pretrial conference remains set for **August 14, 2007, at 9:30 a.m.**, before this Court.

**IT IS SO ORDERED.**

        ENTER:

         s/ H. Bruce Guyton
        United States Magistrate Judge